IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADWALLS MEDIA, LLC, ) | CIVIL NO. 12-00614 SOM/BMK |
| ) | |
| Plaintiff, ) | |
| ) | ORDER GRANTING IN PART, |
| vs. ) | DENYING IN PART MOTION TO |
| ) | DISMISS COMPLAINT |
| ADWALLS, LLC; JOHN W. ROWE; ) | |
| JEFFREY D. ZIMMERMAN; JOHN ) | |
| DOES 1-5, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING IN PART, DENYING IN PART
MOTION TO DISMISS COMPLAINT**

I.        **INTRODUCTION.**

        Plaintiff Adwalls Media, LLC ("Adwalls Media") filed a

Complaint against Defendant Ad Walls, LLC ("Ad Walls"), John W.

Rowe, Jeffrey D. Zimmerman, and John Does 1-5.[1]  See ECF No. 1.

Ad Walls installed advertising displays in parking garages.  Id.

¶ 11.  Adwalls Media, alleging that it entered into a contract to

take over those displays, sues Defendants for alleged alter ego

liability, breach of contract, intentional misrepresentation, and

breach of the covenant of good faith and fair dealing.  Id.  Ad

Walls has filed a Counterclaim, as well as a Third-Party

Complaint against James Blinn, Adwalls Media's managing member.

ECF No. 7.

_____

        [1] Although the caption lists as a Defendant "Adwalls, LLC,"
the Answer is filed by "Ad Walls, LLC."

Now before the court is Defendants' Motion to Dismiss, which, coming after the filing of Defendants' Answer, is technically a motion for judgment on the pleadings.  This court denies the motion as to Count II (the contract claim) and grants the motion in all other respects.

## II.      BACKGROUND.

On or about March 17, 2010, Adwalls Media allegedly entered into a written Asset Purchase Agreement ("Agreement") with Ad Walls to purchase assets owned by Ad Walls in New York City, Boston, Baltimore, Philadelphia, and Washington, D.C.  <u>See</u> ECF No. 1, ¶ 12.  The assets allegedly included Ad Walls' exclusive rights and interests in leases to install advertising displays in certain parking garages.  <u>Id.</u> ¶ 13.  Additionally, Article IX of the Agreement stated, in pertinent part:

> Following the Closing date, each party hereto shall execute and deliver, or cause to be executed and delivered, such other documents and instruments, and will do and perform all other acts as may reasonably be required by such other party to evidence the validity of, or to perfect the full and proper performance of this Agreement.  If any portion of the Purchased Assets is not capable of being assigned or transferred to Purchaser at the Closing Date as a result of a failure to obtain a required consent or approval, Seller shall (a) provide Purchaser with all of the rights and benefits of such Purchased Assets accruing after the Closing Date (until it is so assigned), and (b) use its best efforts to create any arrangement designed to provide such rights and benefits to Purchaser.

Id. ¶ 16.

As consideration, Adwalls Media says it paid $50,000 in earnest money and $450,000 at closing, which took place on or around March 19, 2010.  Id. ¶ 14, 17.  According to Adwalls Media, most of the assets for which Adwalls Media paid valuable consideration turned out to be nontransferrable.  Id. ¶ 18.

Adwalls Media alleges that Ad Walls breached the Agreement by failing to deliver the assets or to use its best efforts to make arrangements to provide the assets.  Id. ¶ 19.

III.     STANDARD.

The standard for a motion for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure is "functionally identical" to that governing a Rule 12(b)(6) motion.  United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Under Rule 12(c), "Judgment on the pleadings is properly granted when, accepting all factual allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law."  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting Fleming, 581 F.3d at 925); accord Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party "may assert the following defense[] by motion:

3

. . . (6) failure to state a claim upon which relief can be granted[.]"  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

Review is generally limited to the contents of the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bokrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  However, courts may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Additionally, documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.

All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are

4

insufficient to defeat a motion to dismiss.  <u>Sprewell</u>, 266 F.3d at 988; <u>Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); <u>accord</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.  The complaint must "state a claim to relief that is plausible on its face." <u>Id</u>. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 677.  "Naked assertions devoid of further factual enhancement" that suggest only a "mere

5

possibility of misconduct" are not enough to state a claim for
relief.  <u>Id.</u> at 698.  Additionally, "[t]hreadbare recitals of
elements of a cause of action supported by mere conclusory
statements" do not suffice.  <u>Id</u>. at 679.

**IV.      ANALYSIS.**

> **A.   Count II is Sufficient to State a Claim for
> Relief.**

Count II alleges that Ad Walls failed to perform its
obligations under the Agreement, thereby committing a material
breach of the Agreement.  <u>Id.</u> ¶ 29.  To allege a breach of
contract claim, a complaint must, at a minimum, cite the
contractual provisions that were allegedly violated.  <u>Otani v.
State Farm Fire & Cas. Co.</u>, 927 F. Supp. 1330, 1335 (D. Haw.
1996).

Although Adwalls Media's allegations about Ad Walls'
alleged nonperformance of the Agreement could be more detailed,
the court is inclined to rule that they are sufficient to state a
claim for relief that is plausible on its face.  Because the only
contractual provision specifically referred to in the Complaint
is Article IX, the court is inclined to conclude that it is fair
to read Count II as restricted to alleging a breach of only that
provision.  That is, Adwalls Media is alleging that Ad Walls
failed to transfer or assign the leases and failed to use its
best efforts to provide such a transfer or assignment.

During the hearing on the present motion, Ad Walls argued that Count II should be dismissed because Adwalls Media allegations regarding Article IX's conditions precedent were insufficient.

Although Article IX is clearly identified in the complaint, Ad Walls did not, in its original moving papers, say anything at all about pleading requirements relating to the condition precedent in Article IX.  It was not until Ad Walls filed its reply memorandum that it raised this issue.  Local Rule 7.4 states, "Any argument raised for the first time in the reply shall be disregarded."

Even if this court considers Ad Walls' argument as to the insufficiency of the condition precedent allegations, the court is unpersuaded.  Rule 9(c) of the Federal Rules of Civil Procedure states, "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or have been performed.  But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  There is no affirmative requirement that plaintiffs plead that the conditions precedent have been met.  "Rule 9(c) does not expressly require that performance of conditions be pled, it merely sets forth the manner in which such pleadings should be made." Kiernan v. Zurich Cos., 150 F.3d 1120, 1124 (9th Cir. 1998).

7

This court has previously had occasion to apply Rule 9(c). In Shim v. PNC Bank, N.A., 2010 WL 3566733 (D. Haw. Sept. 14, 2010), this court noted that "the reference in Rule 9(c) to conditions precedent simply distinguishes what suffices when an allegation of performance is made from what satisfies when performance is denied." Id. at *2 (citing with approval Kapahu v. BAC Home Loans Serv., L.P., 2010 WL 2734774, *4 (D. Haw. July 8, 2010) (Judge Seabright)). Cf. Tessera, Inc. v. UTAC (Taiwan) Corp., 2012 WL 1067672 (N.D. Cal., March 28, 2012) (granting a motion to dismiss and noting the insufficient detail regarding whether a condition precedent had been satisfied). Adwalls Media appears to be alleging that the condition precedent was met, i.e., that Ad Walls did not or could not obtain consents to transfer or assign the assets to Adwalls Media. This court reads Count II as complaining about the alleged post-closing inaction by Ad Walls, not performance of the condition precedent. Because Adwalls Media does not appear to be denying in Count II that a condition precedent was performed, the court is unpersuaded by Ad Walls' argument that the particularity requirement of Rule 9(c) has been triggered, much less violated.

**B. Counts I and III are Insufficiently Pled.**

Count I alleges that, because Rowe and Zimmerman completely dominated and controlled Ad Walls, they are personally liable for Ad Walls' alleged breach of the Agreement. See ECF

No. 1 ¶ 24.  Adwalls Media alleges that Ad Walls is a limited liability company in Hawaii.  Id. ¶ 5.  Pursuant to section 428-303(b) of the Hawaii Revised Statutes, the standard for piercing the veil of an LLC is at least as stringent as that for piercing the veil of a corporation.  Hawaii courts give deference to the integrity of separate entities and treat a corporation and its shareholders as distinct legal entities.  Indeed, Hawaii courts are reluctant to disregard the corporate entity.  Chung v. Animal Clinic, Inc., 63 Haw. 642, 645, 636 P.2d 721, 723 (1981).  The corporate form can only be set aside when "recognition of the corporate fiction would bring about injustice and inequity or when there is evidence that the corporate fiction has been used to perpetrate a fraud."  Robert's Hawaii Sch. Bus, Inc. v. Laupahoehoe Trans. Co., Inc., 91 Haw. 224, 241-42, 982 P.2d 853, 854 (1999)(quoting Chung, 63 Haw. at 645, 636 P.2d at 723).

The Ninth Circuit lists three factors to be considered when a party requests the piercing of a corporate veil: (1) the amount of respect that shareholders give to the separate identity of the corporation; (2) the degree of injustice that recognizing the corporate entity would impose on the plaintiff; and (3) the fraudulent intent of the incorporators.  Seymour v. Hull & Moreland Eng'g, 605 F.2d 1105, 1111 (9th Cir. 1979).

Adwalls Media does not allege any facts going to its alter ego claim.  Adwalls Media's allegations of alter ego status

9

are instead only conclusory.  Adwalls Media merely alleges that
Rowe and Zimmerman "exercised complete domination over Adwalls
with respect to the agreement" and that their "complete
domination and control of Adwalls was and is an abuse of the
corporate form."  See ECF No. 1, ¶¶ 20-24.  Such allegations are
insufficient, particularly because they are coupled with the
assertion that Rowe and Zimmerman sought "to defeat the en[d]s of
justice, perpetrate a fraud, and/or otherwise evade the law," all
without any specific factual allegations.  Id. at 23.

        Count III seeks rescission of the Agreement based on
Defendants' alleged intentional misrepresentations.  Adwalls
Media claims that Defendants made false representations "with the
knowledge or belief of their falsity," and intentionally induced
Adwalls Media to rely on those representations.  Id. ¶¶ 32-35.
Additionally, the Complaint alleges that Adwalls Media
justifiably relied on those false representations when it entered
into the Agreement, and that Ad Walls permitted Adwalls Media to
sign the Agreement knowing that the terms of the contract were
misrepresented.  Id. ¶¶ 36-37.

        Adwalls Media's Complaint provides no factual support
for its misrepresentation claim.  Although the Rule 8 pleading
standard does not require detailed factual allegations, Adwalls
Media must do more than baldly state that misrepresentation has
occurred.  Adwalls Medial merely provides legal conclusions.

In addition, Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud or mistake."  Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001).  A party alleging fraud must therefore "set forth more than the neutral facts necessary to identify the transaction."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).  Fraud claims must allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004).  In other words, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  Kearns, 567 F.3d at 1124 (quotation marks omitted).

Additionally, when, as in Counts I and III, there are allegations of fraud asserted against multiple defendants, a complaint must identify the fraud committed made by each defendant.  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to "merely lump multiple defendants together but 'require[s] plaintiffs to

11

differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" Id. at 764-765.  A plaintiff must attribute particular fraudulent statements or actions to an individual defendant.  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). At a minimum, a plaintiff must identify the role of each defendant in the allegedly fraudulent action.  Swartz, 476 F.3d at 765.

Adwalls Media's allegations are insufficient to properly plead claims of fraud justifying alter ego liability or constituting intentional misrepresentation.  Counts I and III are not specific enough to give each Defendant notice of the particular fraudulent conduct allegedly committed by that Defendant.  Adwalls Media does not allege how the corporate form was being used by Rowe and Zimmerman to perpetrate a fraud.  Nor does the Complaint allege even generally how, where, when, or by whom intentional misrepresentations were made.  Counts I and III are insufficiently pled and are dismissed.

### C.   Count IV is Dismissed.

Count IV alleges that Defendants acted in bad faith and breached the Agreement's implied covenant of good faith and fair dealing.  Id. ¶ 42.  In essence, Count IV asserts the tort of "bad faith."  See Best Place, Inc. v. Penn Am. Ins. Co., 82

12

Hawaii 120, 128, 920 P.2d 334, 342 (1996) (adopting the tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract).  However, Hawaii law recognizes tort claims for breach of good faith or fair dealing only in the insurance context, not in actions brought on other types of contracts.  Id. at 132, 920 P.2d at 346.  Because the Agreement between Adwalls Media and Ad Walls is not an insurance contract, and because Adwalls Media advances no reason or authority for treating the Agreement as akin to an insurance contract, Count IV is dismissed.  See Gold Refinery, LLC v. Aloha Island Gold, LLC, Civil No. 11-00522 SOM-RLP, 2012 WL 518396, at *7 (D. Haw. Feb. 15, 2012) (dismissing claim for bad faith brought on a non-insurance contract).  It may be that a bad faith claim is cognizable outside the insurance context, but it clearly is not cognizable with respect to all contracts.  Adwalls Media does not show that it is cognizable here.

Furthermore, Adwalls Media does not provide any factual support for alleging "intentional acts" or "conduct" by Defendants that was either in bad faith or in breach of any covenant of good faith and fair dealing.  Adwalls Media fails to state a viable claim in Count IV, and it is dismissed.

**VI.        CONCLUSION**

The court denies Ad Walls' Motion to Dismiss with respect to Count II, but grants Ad Walls' Motion to Dismiss with respect to Counts I, III, and IV.  Given this court's ruling as to piercing the veil of a limited liability company, Count II survives only against Ad Walls.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Adwalls Media, LLC v. Adwalls, LLC, John W. Rowe, Jeffrey D. Zimmerman, and John Does 1-5, Civ. No. 12-00614 SOM/BMK; ORDER GRANTING IN PART, DENYING IN PART MOTION TO DISMISS COMPLAINT