IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADWALLS MEDIA, LLC, | ) | CIVIL NO. 12-00614 SOM/BMK |
| | ) | |
|     Plaintiff/ | ) | ORDER REGARDING COUNTERCLAIM |
|     Counterclaim-Defendant, | ) | AND THIRD-PARTY COMPLAINT: |
| | ) | |
|     vs. | ) | 1) GRANTING MOTION FOR |
| | ) | SUMMARY JUDGMENT AS TO |
| AD WALLS, LLC, | ) | COUNT I (BREACH OF PROMISE) |
| | ) | WITH RESPECT TO ADWALLS |
|     Defendant/ | ) | MEDIA, LLC, BUT DENYING |
|     Counterclaimant. | ) | MOTION WITH RESPECT TO JAMES |
| _____ | ) | E. BLINN; |
| AD WALLS, LLC, | ) | |
| | ) | 2) DENYING MOTION FOR |
|     Third-Party Plaintiff, | ) | JUDGMENT ON THE PLEADINGS AS |
| | ) | TO COUNT II (FRAUDULENT |
|     vs. | ) | MISREPRESENTATION RELATING TO |
| | ) | PARTNERS) AND DENYING THE |
| JAMES E. BLINN, | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | WITH RESPECT TO THE UNJUST |
|     Third-Party Defendant. | ) | ENRICHMENT CLAIM ASSERTED |
| _____ | ) | AGAINST JAMES E. BLINN, BUT |
| | | GRANTING SUMMARY JUDGMENT |
| | | WITH RESPECT TO THE |
| | | FRAUDULENT MISREPRESENTATION |
| | | CLAIM; AND |

3) GRANTING MOTION FOR
JUDGMENT ON THE PLEADINGS AS
TO COUNT V (FRAUDULENT
MISREPRESENTATION CLAIM
RELATING TO EXPERIENCE)

**ORDER REGARDING COUNTERCLAIM AND THIRD-PARTY COMPLAINT:**

**1) GRANTING MOTION FOR SUMMARY JUDGMENT AS TO COUNT I (BREACH OF PROMISE) WITH RESPECT TO ADWALLS MEDIA, LLC, BUT DENYING MOTION WITH RESPECT TO JAMES E. BLINN; 2) DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT II (FRAUDULENT MISREPRESENTATION RELATING TO PARTNERS) AND DENYING THE MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE UNJUST ENRICHMENT CLAIM ASSERTED AGAINST JAMES E. BLINN, BUT GRANTING SUMMARY JUDGMENT WITH RESPECT TO THE FRAUDULENT MISREPRESENTATION CLAIM; AND 3) GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT V (FRAUDULENT MISREPRESENTATION CLAIM RELATING TO EXPERIENCE)**

## I.      INTRODUCTION.

Ad Walls, LLC, had leases with owners of various parking structures around the country that allowed Ad Walls to sell and display advertising in the parking structures. This case arises out of the purchase of Ad Wall's rights in those leases by Adwalls Media, LLC.

This order addresses claims asserted in the Counterclaim and Third-Party Complaint, ECF No. 7-1, filed by Ad Walls, LLC. That pleading combines the Counterclaim against Adwalls Media with the Third-Party Complaint against James E. Blinn, an Adwalls Media principal, such that each count is a combined Counterclaim and Third-Party Complaint count. In essence, although designated as a Third-Party Defendant, Blinn functions procedurally as an additional Counterclaim Defendant under Rule 13(h) of the Federal Rules of Civil Procedure.

In the Counterclaim and Third-Party Complaint, Ad Walls alleges that Blinn promised to pay $25,000 to Ad Walls personally and made certain representations about Adwalls Media to Ad Walls. Adwalls Media and Blinn challenge the Counterclaim and Third-Party Complaint in both a motion to dismiss (which this court treats as a motion for judgment on the pleadings) and a motion for summary judgment. Motions relating to claims asserted in Adwalls Media's underlying Complaint are addressed in a separate order.

Count I of the Counterclaim and Third Party Complaint asserts a breach of promise claim arising out of Blinn's alleged promise to pay Ad Walls $25,000. Adwalls Media and Blinn do not challenge the sufficiency of the allegations in Count I under Rule 12 of the Federal Rules of Civil Procedure. Instead, they seek summary judgment as to Count I on the ground that a breach of promise claim cannot be maintained in light of the integration clause in the Asset Purchase Agreement ("Agreement"). The court agrees in part and grants partial summary judgment against Ad Walls with respect to Count I of only the Counterclaim against Adwalls Media, but not as to Count I of the Third-Party Complaint against Blinn. Because Blinn is not a party to the Agreement, the integration clause in the Agreement provides Blinn with no protection from parol evidence.

Count II of the Counterclaim and Third-Party Complaint asserts that Blinn fraudulently misrepresented that he had partners, when, according to Ad Walls, Blinn in fact had no partners. To the extent Adwalls Media and Blinn seek dismissal of the fraudulent misrepresentation claim asserted in Count II as insufficiently pled, the motion is denied. However, to the extent they seek summary judgment with respect to the fraudulent misrepresentation claim asserted in Count II, the motion is granted, as Ad Walls fails to raise a genuine issue of fact as to whether any false representation about having partners was made.

Count II of the Third-Party Complaint also includes an unjust enrichment claim against Blinn relating to Blinn's alleged promise to pay $25,000. Ad Walls has clarified that no claim is asserted for unjust enrichment against Adwalls Media. To the extent Blinn seeks dismissal of the unjust enrichment claim as insufficiently pled, his motion is denied. The court also denies Blinn's motion for summary judgment with respect to the unjust enrichment claim.

Count III of the Counterclaim and Third-Party Complaint has been withdrawn. See ECF No. 202.

Count IV of the Counterclaim and Third-Party Complaint was dismissed in an earlier order. See ECF No. 50.

In Count V of the Counterclaim and Third-Party Complaint, Ad Walls alleges that Adwalls Media and Blinn fraudulently misrepresented that they had a professional, experienced team that could take over the advertising business. That claim is insufficiently pled, and the court grants the motion for judgment on the pleadings with respect to Count V, giving Ad Walls leave to file an Amended Counterclaim and Third-Party Complaint only to address the factually insufficient allegations in Count V. Any such amended pleading must be filed by February 6, 2015.

Count VI of the Counterclaim and Third-Party Complaint has been withdrawn. See ECF No. 202.

4

II.     **STANDARDS**

        **A.     Motion for Judgment on the Pleadings Standard.**

        The standard governing motions for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure was set forth in the court's order of August 20, 2013. See ECF No. 51.  That standard is incorporated here by reference.

        **B.     Summary Judgment Standard.**

        Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (2010).  See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Movants must support their position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

        The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

        The nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  T.W. Elec. Serv., Inc., 809 F.2d at 630.  At least some "'significant probative evidence tending to support the complaint'" must be produced.  Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  See Addisu, 198 F.3d at 1134 ("A

scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." <u>Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 587). <u>Accord</u> <u>Addisu</u>, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party. <u>T.W. Elec. Serv., Inc.</u>, 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. <u>Id.</u> When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." <u>Id.</u>

III.       ANALYSIS.

    A.   **The Court Grants Summary Judgment With Respect to the Breach of Promise Claim Asserted in Count I Against Adwalls Media, But Denies Summary Judgment As To Blinn.**

    Count I asserts a "breach of promise" claim arising out of Adwalls Media's and Blinn's failure to pay the $25,000 that Ad Walls says Blinn agreed to personally pay on behalf of Adwalls Media.  Adwalls Media and Blinn contend that this claim fails because of the Agreement's integration clause and because of a lack of consideration.

         1.   **Factual Background of the Alleged $25,000 Promise.**

    In March 2010, Ad Walls, LLC, through its managers John W. Rowe and Jeffrey D. Zimmerman, and Adwalls Media, LLC, through its manager James E. Blinn, executed the Agreement in which Ad Walls sold Adwalls Media the interests that Ad Walls had in various leases in parking garages across the country.  <u>See</u> ECF No. 132-1.  Those interests involved rights to sell and display advertisements in the parking garages.  Adwalls Media agreed to pay Ad Walls $500,000.  <u>Id.</u>

    Ad Walls claims that Blinn made a side deal concerning the sale of the leases.  On the day before the Agreement closed, Zimmerman and Rowe allegedly had a telephone call with Blinn. According to Zimmerman, during this call, Ad Walls and Adwalls Media agreed that each would pay half the expenses of the deal,

that Adwalls Media agreed to pay Ad Walls $25,000 as Adwalls Media's share, and that language pertaining to the $25,000 would be included in the finalized Agreement.  <u>See</u> Declaration of Jeffrey D. Zimmerman ¶¶ 9-10, ECF No. 160-1, PageID #s 3601-02. Zimmerman says that, later in that telephone call,

> Blinn asked Rowe and me to do him a favor and send the bill for the $25,000 Debt of AdWalls Media to Blinn directly, with a 30-day deadline for payment of the $25,000 Debt. Blinn explained that he did not want his "partners" to know about that additional consideration to be paid by AdWalls Media, and he asked that the Agreement not state the $25,000 debt.  Rowe and I agreed to have Ad Walls invoice Blinn directly for the $25,000 Debt of AdWalls Media.

<u>Id.</u> ¶ 11, PageID # 3602; Decl. of John W. Rowe ¶ 3-5, ECF No. 160-6, PageID # 3660-61 (same).

On or about April 21, 2010, Ad Walls sent Blinn a bill for the $25,000.  Zimmerman Decl. ¶ 13; Rowe Decl. ¶ 7; ECF No. 160-5, PageID # 3650 (copy of bill).  Blinn originally questioned the bill.  Zimmerman Decl. ¶ 13; Rowe Decl. ¶ 7; April 22, 2010 e-mail from Blinn to Rowe, ECF No. 160-5, PageID # 3652 ("Are you saying I agreed to pay $25,000 based on your justification.  I remember a phone conversation where we agreed I would pay 50% of the legal ffes [stet].  I don't remember agreeing to a flat fee of $25,000 unless I am missing something.").  Zimmerman says that Blinn subsequently said in phone calls or e-mails that he would not renege on the $25,000 debt.  Zimmerman Decl. ¶ 13; Rowe Decl.

¶ 7; see, e.g., June 2, 2010 e-mail from Blinn to Rowe, ECF No. 160-5, PageID # 3656 ("In regards to the $25,000 I have an SBA loan all lined up . . . ."). To date, the $25,000 debt has not been paid by either Blinn or Adwalls Media. Zimmerman Decl. ¶ 17, PageID # 3604; Rowe Decl. ¶ 11, PageId # 3663.

### 2. Adwalls Media, but Not Blinn, Is Entitled to Summary Judgment as to Count I.

Adwalls Media is entitled to summary judgment as to Count I for two reasons.

The first reason Adwalls Media is entitled to summary judgment as to Count I is that the integration provisions in the Agreement protect Adwalls Media from liability arising out of Blinn's alleged oral promise to pay an additional $25,000.

Paragraph 12.5 of the Agreement states: "This Agreement contains the entire agreement between the parties with respect to the subject matter hereof. This Agreement merges and supersedes all prior agreements and understandings, written or oral, with respect thereto." Paragraph 12.1 of the Agreement further states: "This Agreement may only be amended, modified, superseded, or terminated, by written instrument and any of the terms, covenants, representations, warranties, or conditions hereof may be waived, only by a written instrument by the party waiving compliance." Id., PageID # 2730. Given this language, Ad Walls and Blinn argue that the Agreement constitutes the entire

10

agreement between the parties and cannot be varied by any oral agreement to pay $25,000.

On its face, the Agreement appears to have been intended to be the parties' final agreement. At least with respect to the amount Adwalls Media was obligated to pay Ad Walls, the Agreement was unambiguous. Adwalls Media was to pay $500,000. When the Agreement was signed the day after Blinn's alleged oral promise to pay an additional $25,000, any attempt to require Adwalls Media to pay more than the unambiguously stated amount was subject to the integration provisions quoted above. See Restatement (Second) of Contracts § 209(1) (Westlaw 2015) ("An integrated agreement is a writing or writings constituting a final expression of one or more terms of an agreement."), and § 210(1) (Westlaw 2015) ("A completely integrated agreement is an integrated agreement adopted by the parties as a complete and exclusive statement of the terms of the agreement.").

The Hawaii Supreme Court has stated,

> The parol evidence rule generally precludes the use of extrinsic evidence to vary or contradict the terms of an unambiguous and integrated contract—a writing the parties have adopted as the expression of their final agreement. The rule applies to exclude both oral and written extrinsic evidence. It also operates to exclude evidence that varies or contradicts both the express and the implied terms of a written agreement.

Pancakes of Haw., Inc. v. Pomare Props. Corp., 85 Haw. 300, 310, 944 P.2d 97, 107 (Ct. App. 1997). When there is a "single final

memorial of the understanding of the parties," the parol evidence rule excludes "all prior and contemporaneous negotiations." Id. In other words, "parol evidence is generally not admissible to vary or contradict the terms of a fully integrated agreement." Id. at 311, 944 P.2d at 108.

However, Hawaii courts have recognized that the parol evidence rule does not apply to contracts that have been "conceived in fraud." Honolulu Fed. Sav. & Loan Ass'n v. Murphy, 7 Haw. App. 196, 200, 753 P.2d 807, 811 (1988) ("where it appears that a written agreement has been 'conceived in fraud,' the parol evidence rule is inapplicable").

Pancakes of Hawaii is illustrative of the fraud exception to the parol evidence rule. In that case, the plaintiff, Pancakes of Hawaii, had operated two successful restaurants on Oahu. The defendant, Pomare Properties Corporation, had been hired as the managing agent for a shopping center located on Maui. Pomare, in turn, hired Sofos Realty Corporation to handle its managing and leasing duties. Lee Carter was a salesman for Sofos and approached Pancakes of Hawaii, asking it to open a restaurant in the Maui shopping center. Sofos allegedly told Pancakes of Hawaii that he was in the process of signing up enough tenants that the shopping center would soon be 85% occupied or that he expected to reach that figure at some time in the future. Pancakes signed a lease

agreement and built a restaurant in the shopping center.  The

shopping center was never more than 35% occupied, and this lack

of foot traffic caused the restaurant to suffer huge financial

losses.  Pancakes sued for fraud, misrepresentation, and a breach

of the duty of good faith and fair dealing.  Pancakes of Hawaii,

85 Haw. at 303, 944 P.2d at 100.

The trial court granted summary judgment in favor of

Sofos, determining that any statements made by Carter were barred

by an integration clause in the lease agreement.  Id., 85 Haw. at

304, 944 P.2d at 101.  The Intermediate Court of Appeals for the

State of Hawaii reversed.  Although the court noted that the

parol evidence rule generally bars evidence of prior or

contemporaneous agreements or representations in fully integrated

agreements, it recognized an exception to this rule when fraud is

alleged.  Id., 85 Haw. at 310-11, 944 P.2d at 107-08.  The court

held, "because Pancakes made allegations of fraud, summary

judgment should not have been granted" based on the integration

clause and the parol evidence rule.

Like the claimant in Pancakes of Hawaii, Ad Walls has

argued in connection with the present motion that Blinn, acting

on behalf of Adwalls Media, was engaged in fraud and deliberately

excluded the reference to the $25,000 from the Agreement with the

intent of not paying the $25,000.  See ECF No. 159, PageID

# 3585.  Ad Walls cannot escape the effect of the Agreement's

integration provisions by relying on this assertion.

In the first place, it is notable that it is Blinn's

oral promise that Ad Walls claims was conceived in fraud.  The

fraud exception to the bar on parol evidence appears to

contemplate that the underlying written agreement have been

conceived in fraud for parol evidence to be considered.  Blinn's

alleged oral fraud cannot act to trump the integration language

in the previously negotiated Agreement, a written agreement that

Ad Walls is not asserting was conceived in fraud.

Apparently recognizing this, Ad Walls says that Count I

is not premised on the allegation that Blinn orally promised to

alter the Agreement.  Rather, Ad Walls says, Count I asserts

that, in a separate side deal, Blinn offered additional

consideration to Ad Walls for conveying Ad Walls' interests to

Adwalls Media.  But the reference to the side deal is exactly the

kind of thing the integration clause was designed to avoid.

Notably, the side deal Ad Walls says it ultimately entered into

was with Blinn personally, not with Adwalls Media, so if the side

deal is enforced, it should be against Blinn.

The second reason that Count I fails against Adwalls

Media is that the unified Counterclaim and Third-Party Complaint

that Ad Walls filed, while including claims of fraudulent

misrepresentation, simply does not allege the fraud theory

advanced by Ad Walls in connection with the present motion.  That is, the pleading containing Count I does not assert that Blinn promised to pay $25,000 while having no intent to pay.  It does allege that Blinn did not pay, but failure to pay at a later date is not necessarily fraud.  Even a debtor's denial of indebtedness might be nothing more than a breach of contract.  Allegations of fraud must be particular under Rule 9(b) of the Federal Rules of Federal Procedure.  The court cannot discern in the pleading an actual claim of fraud of the type now being described by Ad Walls.

At most, in Count II, Ad Walls does assert with particularity a fraudulent misrepresentation claim relating to Blinn's alleged statement that he had partners that he wanted to keep in the dark about the additional $25,000 debt.  As noted later in this order, that claim is not supported by any evidence. For this court to read Count I as encompassing the fraud theory advanced by Ad Walls in connection with the present motion would require considerable interpretive contortions by this court, would render the parol evidence rule a nullity, and would likely require major supplementation by the parties to their pre-existing discovery, not to mention give rise to new motions and a need to continue the imminent trial date.

Given the analysis above, the court grants summary judgement in favor of Adwalls Media with respect to the breach of promise claim asserted in Count I of the Counterclaim.

The court does not reach the same result with respect to the breach of promise claim asserted against Blinn in Count I of the Third-Party Complaint. Although Blinn signed the Agreement on behalf of Adwalls Media, he was not personally a party to the Agreement. To the extent Count I is asserted against him in his individual capacity, the integration clause does not apply to him. See Interwave Tech., Inc. v. Rockwell Automation, Inc., 2006 WL 401843, *4 n.4 (E.D. Pa. Feb. 16, 2006) ("an integration clause does not apply to a non-party to the contract acting in an individual capacity"); Sunquist Information Sys., Inc. v. Dean Witter Reynolds, Inc., 40 F. Supp. 2d 644, 656 (W.D. Pa. 1999) (ruling that an integration clause does not bar claims against an agent of a corporation that was not a party to the contract executed by the corporation containing the integration clause).

Given the nonapplicability of the integration clause to Blinn, this court need not identify a fraud claim in Count I to allow the breach of promise claim to proceed against him. None of the reasons that cause the court to grant summary judgment in favor of Adwalls Media is relevant to Blinn, and there are clearly triable issues going to Blinn's liability on the alleged

$25,000 promise that preclude summary judgment in his favor as to Count I.

### 3. Count I Does Not Fail For Lack of Consideration.

Adwalls Media and Blinn argue that the breach of promise claim asserted in Count I fails because of a lack of consideration. "'It is well-settled that consideration is an essential element of, and is necessary to the enforceability or validity of, a contract.'" Balogh v. Balogh, 134 Haw. 29, 57, 332 P.3d 631, 659 (2014) (quoting Douglass v. Pflueger Haw., Inc., 110 Haw. 520, 534, 135 P.3d 129, 143 (2006)). "Consideration may take many forms; it is well established that '[f]orbearance to exercise a right is good consideration for a promise.'" Balogh, 134 Haw. at 57, 332 P.3d at 659 (quoting Shannon v. Waterhouse, 58 Haw. 4, 7, 563 P.2d 391, 393 (1977)).

A question of fact exists as to whether consideration was given for the $25,000 promise. According to Rowe and Zimmerman, the parties agreed that Adwalls Media would pay an additional $25,000 to cover the costs of Ad Walls' sale of its interests to Adwalls Media. Blinn made his alleged promise the day before the Agreement was signed. Whether or not Blinn's promise could be said to have been consideration for the closing of the Agreement, Blinn allegedly wanted to keep references to the additional $25,000 out of the Agreement. To the extent Blinn obtained that secrecy through promising to pay the additional

$25,000 personally, that secrecy might be consideration.  On the present record, this court cannot conclude that there was a lack of consideration.

> **B.  Count II Sufficiently Pleads a Fraudulent Misrepresentation Claim Relating to Blinn's Partners and an Unjust Enrichment Claim, But Summary Judgment is Granted on the Fraudulent Misrepresentation Portion of Count II.**

Count II of the Counterclaim and Third-Party Complaint contains both a fraudulent misrepresentation claim and an unjust enrichment claim.  The court examines both claims.

> **1.  Although Ad Walls Sufficiently Alleges a Fraudulent Misrepresentation Claim Relating to the Existence of Blinn's Partners, Ad Walls Produces No Evidence Supporting that Claim.**

Although Count II speaks of a "misrepresentation," in its Opposition to the present motion, Ad Walls acknowledges that Count II is intended to be read as asserting a fraudulent misrepresentation claim.  See ECF No. 156, PageID # 3523-24.

To succeed on a fraudulent misrepresentation claim, Ad Walls must show that "(1) false representations were made by defendants; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon these false representations; and (4) plaintiff did rely upon them."  Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc., 115 Haw. 232, 263, 167 P.3d 225, 256 (quoting Shoppe v. Gucci Am., Inc., 94 Haw. 368, 386, 14

18

P.3d 1049, 1067 (2000)).  Fraudulent misrepresentation claims are
subject to the heightened pleading requirements of Rule 9(b).
Radford v. Wells Fargo Bank, 2011 WL 1833020 (D. Haw. May 13,
2011) (applying Rule 9(b) to a plaintiff's fraudulent
misrepresentation claim).

Rule 9(b) of the Federal Rules of Civil Procedure
requires a party to "state with particularity the circumstances
constituting fraud or mistake."  Allegations of fraud must be
"specific enough to give defendants notice of the particular
misconduct which is alleged to constitute the fraud charged so
that they can defend against the charge and not just deny that
they have done anything wrong."  Bly-Magee v. California, 236
F.3d 1014, 1019 (9th Cir. 2001).  A party alleging fraud must
therefore "set forth more than the neutral facts necessary to
identify the transaction."  Kearns v. Ford Motor Co., 567 F.3d
1120, 1124 (9th Cir. 2009).  Fraud claims must allege the "time,
place, and specific content of the false representations as well
as the identities of the parties to the misrepresentation."
Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004).
In other words, "[a]verments of fraud must be accompanied by the
who, what, when, where, and how of the misconduct charged."
Kearns, 567 F.3d at 1124 (quotation marks omitted).

Count II sufficiently alleges a claim of fraudulent
misrepresentation.  Count II begins by incorporating by reference

all prior paragraphs.  The prior paragraphs include allegations

that the parties entered into an agreement for the sale of the

leases on or about March 19, 2010.  Counterclaim and Third-Party

Complaint ¶ 9, ECF No. 7-1, PageID # 40.  The prior paragraphs

further allege that, on the previous day, March 18, 2010, Jeffrey

D. Zimmerman and John W. Rowe of Ad Walls received a cellular

telephone call from James E. Blinn of Adwalls Media while

Zimmerman and Rowe were in a car on the way back from a meeting

in Kaneohe, Hawaii.  Id. ¶ 10.  Allegedly, the parties discussed

"all final deal points, including the legal expenses incurred for

the Asset Purchase Agreement."  Id.  The prior paragraphs go on

to say that the parties agreed that Adwalls Media would pay Ad

Walls $25,000 for its expenses, including attorneys' fees, and

that language concerning the $25,000 would be included in the

final version of the Asset Purchase Agreement.  Id. ¶ 11, PageID

# 41.  The prior incorporated paragraphs say that, later in the

telephone call, Blinn asked Rowe and Zimmerman

> to do him a favor and send the bill for the
> $25,000 . . . to Blinn directly, with a 30-
> day deadline for payment of the $25,000 Debt.
> Blinn explained that he did not want his
> 'partners' to know about that additional
> consideration to be paid by AdWalls Media
> LLC, and he asked that the Asset Purchase
> Agreement not state the $25,000 debt.  Rowe
> and Zimmerman agreed to have Ad Walls, LLC
> invoice Blinn directly for the $25,000 Debt
> of AdWalls Media LLC.

Id. ¶ 12.  The prior paragraphs then discuss Blinn's alleged statements confirming the $25,000 debt, as well as his refusal to pay the same.

In Count II itself, Ad Walls alleges that Blinn's statement that he did not want his partners to find out about the additional $25,000 in consideration was false in that "it appears that Blinn had no such 'partners.'"  Ad Walls contends that Blinn referred to nonexistent partners "as a means to have AdWalls Media LLC avoid having to pay the promised $25,000 Debt, as part of the consideration for the Asset Purchase Agreement."  Id. ¶ 44, PageID # 48.

These allegations sufficiently allege a claim of false representation: (1) a false representation made by Blinn--that Blinn had partners from whom Blinn wanted to keep information about the additional $25,000 consideration; (2) with knowledge of the representation's falsity (or without knowledge of its truth or falsity)--Blinn allegedly knew he actually had no partners and was referring to partners only to provide a reason not to include language concerning the additional consideration in the Agreement; and (3) and (4) in contemplation of Ad Wall's reliance on the false representation, which Ad Walls did rely on--Ad Walls billed Blinn directly for the $25,000 instead of mentioning that amount in the Agreement.  Accordingly, to the extent Adwalls Media and Blinn seek judgment on the pleadings on the ground that

Ad Walls does not sufficiently plead a fraudulent misrepresentation claim in Count II, the motion is denied.

Ad Walls urges the court to read the fraudulent misrepresentation claim alleged in Count II of the Counterclaim and Third-Party Complaint as going far beyond a representation about whether Blinn had partners. Ad Walls says that, because Count II incorporates all paragraphs preceding Count II, any representation described in any paragraph preceding Count II must be deemed to be encompassed as a fraudulent representation covered by Count II. This argument stretches the concept of "notice pleading" too far. Under Ad Walls' theory, Count II could consist of a single paragraph stating that all prior paragraphs are incorporated by reference. This would be particularly confounding because Count V of the Counterclaim and Third-Party Complaint also purports to include a fraudulent misrepresentation claim and also incorporates all prior paragraphs by reference. A sued party would have no way of telling from the pleading which representation fell under which count. In designating its claims by counts, Ad Walls signaled that it was relying on different legal theories and focusing on differing facts with respect to the different theories. Particularly because a fraudulent misrepresentation claim must be pled with particularity, Ad Walls cannot force a defendant to guess which representation is at issue.

The court is moreover concerned that what Ad Walls is urging creates a risk that Ad Walls might argue that Count II should be read as asserting a claim not just of fraud in the form of fraudulent misrepresentation, but of fraud through other means as well. Rule 9(b) was designed to avoid this very risk.

Having limited Count II to a claim of fraudulent misrepresentation relating to the existence of Blinn's partners, the court turns to the motion for summary judgment on that claim brought by Adwalls Media and Blinn.

Adwalls Media and Blinn submit the Operating Agreement of Adwalls Media, which shows Blinn as a 39% owner, William R. Blinn as a 19.5% owner, Gregory Blinn as a 19.5% owner, Peter Ragosa as a 19.5% owner, and Donald Coomber as 5% owner. See ECF No. 144-1, PageID # 3306. While these ownership percentages puzzlingly add up to more than 100%, it is clear that Blinn did have "partners" in the form of other members of the LLC. Ad Walls counters with no evidence that this is not so. Accordingly, the court is left with no triable issue concerning whether Blinn's representation about having partners was false.

The court acknowledges that Count II ascribes bad motive to Blinn in his reference to partners. However, this court need not address motive in the context of Count II's fraudulent misrepresentation claim because the alleged motive is premised on the unsupported allegation that Blinn lacked

partners.  Count II purports to state a fraudulent
misrepresentation claim, not a fraud claim, so whatever dark
motive Ad Walls may impute to Blinn, it must be tied to a clearly
identified misrepresentation.  As the court has noted, only one
such statement is identified in Count II.  The court grants
summary judgment to Adwalls Media and Blinn on the fraudulent
misrepresentation claim in Count II.

### 2. Count II Sufficiently Alleges an Unjust Enrichment Claim Against Blinn, and That Claim May Proceed.

Count II of the Third-Party Complaint asserts a claim
of unjust enrichment based on the $25,000 promise.  The
Opposition to the motion for judgment on the pleadings makes it
clear that this claim is asserted only against Blinn.  See ECF
No. 156, PageID # 3526-28.  To the extent Count II of the
Counterclaim can be read as asserting an unjust enrichment claim
against Adwalls Media, that claim is deemed withdrawn.

To bring an unjust enrichment claim, a plaintiff must
allege two elements: "(a) receipt of a benefit without adequate
legal basis by Defendants; and (b) unjust retention of that
benefit at the expense of Plaintiffs."  Porter v. Hu, 116 Haw.
42, 54, 169 P.3d 994, 1005 (Haw. Ct. App. 2007) (citing Small v.
Badenhop, 67 Haw. 626, 636, 701 P.2d 647, 654 (1985)).  "A claim
for unjust enrichment permits a party to seek restitution for
benefits improperly conferred on an opposing party as a result of

24

a wrongful act."  <u>Hawaiian Ass'n of Seventh-Day Adventists v.</u> <u>Wong</u>, 130 Haw. 36, 49, 305 P.3d 452, 465 (2013).

Count II sufficiently alleges a claim of unjust enrichment against Blinn.  It alleges that Blinn received a benefit in the form of Ad Walls' concession not to include the additional $25,000 in the Agreement so that Blinn's partners would not know about it.  Allegedly, Blinn then unjustly retained the benefit of the deal, either as a member of Adwalls Media, which had a lower obligation under the Agreement (meaning that Blinn's obligation in his role as an LLC member was lower), or in his personal capacity when he failed to pay the $25,000 he said he would pay.  The Rule 12(c) motion with respect to the unjust enrichment claim asserted against Blinn is therefore denied.

Turning to Blinn's motion for summary judgment with respect to the unjust enrichment claim, the court is unpersuaded by Blinn's argument that Ad Walls is not entitled to equitable relief because the parties' rights and duties are governed by a contract.  To the extent the contract Blinn is referring to is the Agreement, Blinn is not a party to that contract.  Certainly the integration clause in the Agreement cannot be said to bar a claim of unjust enrichment against a nonparty.  Blinn's rights are simply not governed by any clause in that document.

Of course, Ad Walls cannot obtain a double recovery by pursuing both a breach of promise claim and an unjust enrichment

claim based on the same alleged $25,000 promise.  For that
reason, if contract-based liability for the $25,000 is
established, Blinn may move to dismiss the equity-based claim for
the same.  But the claims have different elements, and there is
no reason Ad Walls must elect between them at this point.  <u>See</u>
Am. Jur. Equity § 184 (2014) ("Where legal and equitable claims
are pleaded alternatively, the equitable claim may be dismissed
on proof of liability under the legal count.").

    There is a genuine issue of fact as to whether Blinn
received a benefit that he should not unjustly retain.  Blinn's
motion for summary judgment with respect to the unjust enrichment
claim asserted in Count II of the Third-Party Complaint is
denied.

> **C.   Count V Asserts an Insufficiently Pled Fraudulent
> Misrepresentation Claim Relating to Adwalls Media
> and Blinn's Experience.**

    Like Count II, Count V of the Counterclaim and Third-
Party Complaint asserts a claim of "misrepresentation."  This
court construes Count V as attempting to assert a fraudulent
misrepresentation claim.  In so doing, the court is relying on Ad
Wall's citations to law relating to intentional
misrepresentation.  <u>See</u> ECF No. 156, PageID # 3530.  Intentional
misrepresentation is "fraudulent misrepresentation."  <u>Newtown
Meadows</u>, 115 Haw. at 263, 167 P.3d at 256.  The Opposition does
not discuss negligent misrepresentation at all.

As set forth earlier in the discussion of Count II, to state a claim of fraudulent misrepresentation, Ad Walls must allege that "(1) false representations were made by defendants; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon these false representations; and (4) plaintiff did rely upon them." Newtown Meadows, 115 Haw. at 263, 167 P.3d at 256. Because the fraudulent misrepresentation claim asserted in Count V is subject to the heightened pleading requirements of Rule 9(b), see Radford, 2011 WL 1833020, Count V must allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards, Inc., 356 F.3d at 1066.

The fraudulent misrepresentation claim asserted in Count V is based on a claim that Blinn told an unidentified person at Ad Walls that Adwalls Media had an "experienced, professional team that could take over the sales in the markets transferred to Adwalls Media." Counterclaim and Third-Party Complaint ¶ 34. Paragraphs 33 and 65 allege that the parties contemplated that Adwalls Media would take the place of Encompass Media Group, Inc., and that Ad Walls terminated its relationship with Encompass based on Adwalls Media's representation that it had an "experienced, professional team" capable of doing what Encompass had done. Paragraph 35 alleges that Adwalls Media

27

ultimately took no steps to do what Encompass had done.  Although some detail about the alleged misrepresentation is provided, Count V indicates only generally when the alleged misrepresentation was made and does not state to whom it was made, simply alleging that it was made to Ad Walls.  Accordingly, Adwalls Media and Blinn's Rule 12(c) motion is granted with respect to Count V of the Third-Party Claim.

Given the timing of the Rule 12(c) motion, the court earlier expressed concern that granting the motion would result in a need to continue the trial.  Having considered the matter further, the court leaves the trial date in place.  The court gives Ad Walls leave to file an Amended Counterclaim and Third-Party Complaint that adds only factual allegations curing the deficiencies identified in this order in Count V.  Any such amended pleading must be filed by February 6, 2015.  Only that limited amendment is being allowed.

The parties' briefs suggest that, despite the deficient pleading, the basis for Count V was understood.  It therefore does not appear that additional discovery is likely to be needed following the amendment.

Zimmerman says that, as part of the Agreement, Ad Walls terminated its relationship with Encompass, which was Ad Wall's agent and had generated substantial revenue for Ad Walls.  See Zimmerman Decl. ¶ 20.  Zimmerman says that the parties

contemplated that Adwalls Media, having allegedly represented that it had an "experienced, professional team," would take over tasks previously performed by Encompass. Id. ¶¶ 21-22. However, according to Zimmerman, Adwalls Media failed to generate any revenue for Ad Walls. Id. ¶ 23. Zimmerman claims that Ad Walls did not have an "experienced, professional team" that could do what Encompass had done. Id. ¶ 24.

In their motion for summary judgment concerning Count V, Adwalls Media and Blinn claimed to have a "highly qualified" team such that any representation concerning the professionalism and experience of their team was not false. See Deposition of James Edward Blinn at 42, ECF No. 135-1, PageID # 2832 (calling his team "highly qualified"). Blinn testified that Adwalls Media's salespeople included Bill McKissock, Lee Seegars, Alex Shuck, and Cambra Ransome. Id. at 41-42, PageID #s 2831-32. Blinn testified that he himself had 30 years of experience, and that McKissock had 20-plus years of experience. Id. at 267-68, PageID # 2848. Whether these years translated into being qualified to perform services previously performed by Encompass remains in dispute.

Adwalls Media and Blinn also challenge Ad Walls' claim that it terminated Encompass as a condition precedent to the signing of the Agreement. In his deposition, Zimmerman testified that Ad Walls terminated Encompass because it was making

contracts and offers for ad placement that conflicted with the agreement Ad Walls had with Encompass.  <u>See</u> Deposition of Jeffrey David Zimmerman at 159, ECF No. 147-1, PageID # 3351.  A draft version of the Agreement, however, required Ad Walls to terminate Encompass.  <u>See</u> ECF No. 160-3, ¶ 3.3, PageID # 3632.  In short, it appears to this court that there are clear questions of fact precluding summary judgment, and that those questions would likely continue to prevent Adwalls Media and Blinn from winning any new summary judgment motion they might bring following an amendment of Count V.

If Adwalls Media and Blinn nevertheless wish to file another dispositive motion concerning Count V, they must seek leave of court before doing so.  Any such motion for leave of court must attach the proposed dispositive motion and must explain how the motion differs from the motion the court is now deciding and why the new motion could not have been brought earlier.

IV.    **CONCLUSION.**

The motions for judgment on the pleadings and summary judgment filed by Adwalls Media and Blinn, ECF Nos. 128 and 130, are granted in part and denied in part.

With respect to the breach of promise claim asserted in Count I of the Counterclaim and Third-Party Claim, summary

judgment is granted with respect to Adwalls Media but denied with respect to Blinn.

With respect to the fraudulent misrepresentation claim asserted in Count II of the Counterclaim and Third Party Complaint, the court denies the motion for judgment on the pleadings, but grants summary judgment in favor of both Adwalls Media and Blinn.

With respect to the unjust enrichment claim asserted only against Blinn in Count II of the Third Party Complaint, the court denies the motion for judgment on the pleadings and denies the motion for summary judgment.

With respect to the fraudulent misrepresentation claim asserted in Count V of the Counterclaim and Third Party Complaint, the court grants the motion for judgment on the pleadings and denies as moot the motion for summary judgment. Ad Walls is given leave to file an Amended Complaint no later than

February 6, 2015, limited as discussed in this order.  The court does not change any court-imposed deadline or the trial date.

The parties are directed to contact the Magistrate Judge within seven calendar days to schedule a settlement conference at the earliest date available on the Magistrate Judge's calendar.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 30, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Adwalls Media, LLC, et al. v, Ad Walls, LLC, Civ. No. 12-00614 SOM/BMK; ORDER REGARDING COUNTERCLAIM AND THIRD-PARTY COMPLAINT:

1) GRANTING MOTION FOR SUMMARY JUDGMENT AS TO COUNT I (BREACH OF PROMISE) WITH RESPECT TO ADWALLS MEDIA, LLC, BUT DENYING MOTION WITH RESPECT TO JAMES E. BLINN;

2) DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT II (FRAUDULENT MISREPRESENTATION RELATING TO PARTNERS) AND DENYING THE MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE UNJUST ENRICHMENT CLAIM ASSERTED AGAINST JAMES E. BLINN, BUT GRANTING SUMMARY JUDGMENT WITH RESPECT TO THE FRAUDULENT MISREPRESENTATION CLAIM; AND

3) GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT V (FRAUDULENT MISREPRESENTATION CLAIM RELATING TO EXPERIENCE)