IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADWALLS MEDIA, LLC, | ) | CIVIL NO. 12-00614 SOM/BMK |
| | ) | |
|     Plaintiff, | ) | ORDER RE. MOTION TO STRIKE |
| | ) | AND EXPUNGE IMPROPERLY FILED |
|     vs. | ) | STIPULATED JUDGMENT AND FOR |
| | ) | ORDER TO SHOW CAUSE WHY |
| AD WALLS, LLC, | ) | PLAINTIFF SHOULD NOT BE HELD |
| | ) | IN CONTEMPT OF COURT |
|     Defendant. | ) | |
| _____ | ) | |

**ORDER RE. MOTION TO STRIKE AND EXPUNGE IMPROPERLY FILED STIPULATED JUDGMENT AND FOR ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT OF COURT**

In May 2015, Plaintiff Adwalls Media, LLC, and Defendants Ad Walls, LLC, John Rowe, and Jeffrey Zimmerman entered into a settlement agreement.  Pursuant to the settlement agreement, the parties filed a Stipulation for Dismissal with Prejudice, which the court approved as to form.  *See* ECF No. 238.

Five years later, on May 7, 2020, Plaintiff Adwalls Media filed a Stipulated Judgment and Order.  The document appears to have been submitted to the electronic case file directly by counsel, rather than having been submitted to a judge's Orders Box (e.g., Mollway_Orders@hid.uscourts.gov.), as is customary.  Consequently, no judge signed or approved the judgment before it was filed.  As far as the court is concerned, a judgment and purported order that is filed without any judge's approval has no effect.  Now, four months after the unsigned Stipulated Judgment and Order was filed by Plaintiff, Defendant Ad Walls, LLC, seeks to expunge the document as having been

improperly filed and to have the court issue an order to show cause why Adwalls Media (and its manager, James Blinn) should not be held in contempt.  See ECF No. 240.

Local Rule 7.8 provides:

Except in connection with discovery motions (which are governed by LR37.1), applications for temporary restraining orders or preliminary injunctions, matters in which at least one party is pro se, and motions made during trial, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential partial or complete resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion.  If the parties are unable to reach a resolution which eliminates the necessity for a motion, counsel for the movant shall include in the motion a statement to the following effect:

"This motion is made following the conference of counsel pursuant to LR7.8 which took place on [date]."

The current motion does not have the required LR 7.8 certification or appear to fit within any of the rule's exemptions.

No later than September 14, 2020, Ad Walls, LLC, shall file the appropriate LR 7.8 certification and shall explain the delay in its reaction to the filing.  Alternatively, Ad Walls, LLC, may file a document withdrawing the motion without prejudice to its refiling once a proper prefiling conference has been completed.

2

For its part, Adwalls Media, LLC, shall, by September 14, 2020, submit a statement as to why the Stipulated Judgment and Order was filed without a determination by Magistrate Judge Barry Kurren "based on briefing provided to him by the parties," as required by the parties' agreement.  *See* ECF No. 240-3, PageID # 5786.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 9, 2020.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*ADWALLS MEDIA, LLC, vs. AD WALLS, LLC,* CIVIL NO. 12-00614 SOM/BMK; ORDER RE. MOTION TO STRIKE AND EXPUNGE IMPROPERLY FILED STIPULATED JUDGMENT AND FOR ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT OF COURT.